(No. 32193.—■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL A. JOHNSON, Plaintiff in Error.

*Opinion filed January 24, 1952.*

Paul A. Johnson, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff in error, Paul A. Johnson, was tried and convicted by the criminal court of Cook County, on June 26, 1947, upon indictment for the crime of receiving stolen property of the value of $200, and was sentenced to the penitentiary for a term of not less than one year and not more than ten years. He comes to this court by writ of error and on the common-law record alone.

Prior to his trial in the criminal court, plaintiff in error was arrested and made appearance before the municipal court of Chicago for the same offense. This charge was dismissed after the grand jury indictment.

As grounds for reversal of this conviction plaintiff in error contends, (1) the criminal court of Cook County lacked jurisdiction of the subject matter and the person, and, (2) the municipal court of the city of Chicago had jurisdiction of his person and the subject matter, had dismissed the charge against him, and this precluded any further prosecution for the same offense in the criminal court of Cook County.

The crime of receiving stolen property of a value exceeding $15 is a felony. (Ill. Rev. Stat. 1951, chap. 38, par. 492.) The criminal court of Cook County has exclusive original jurisdiction of felonies. (Ill. const., art. VI,

250

sec. 26; Ill. Rev. Stat. 1951, chap. 37, par. 166; *Wiggins* v. *City of Chicago,* 68 Ill. 372, 375.) The municipal court of the city of Chicago has criminal jurisdiction of misdemeanors only. *People* v. *Glowacki,* 236 Ill. 612.

The criminal court had jurisdiction of the subject matter, and the record reveals the court had jurisdiction of the person and that all necessary requirements for a valid conviction of a felony were followed. The plaintiff in error was not tried in the municipal court, that court did not have jurisdiction of the subject matter, and the fact that it had jurisdiction of his person at the time of the indictment did not preclude such indictment and subsequent conviction in the criminal court. *Mackin* v. *People* (Ill.) 8 N.E. 178.

None of the plaintiff in error's constitutional or statutory rights has been violated, and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*