(No. 38178.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BRUCE PIERCE, Plaintiff in Error.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

J. EDWARD JONES, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, and JAMES ZAGEL, Assistant State's Attorneys, of counsel,), for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Bruce Pierce, was indicted in the circuit court of Cook County, criminal division, for rape, indecent liberties and deviate sexual conduct. His motion for discharge on the ground of former jeopardy was denied, and he thereafter pleaded guilty and was sentenced to the penitentiary for a term of 5 to 10 years. On this appeal, defendant contends that the trial court erred in denying his motion for discharge.

We will first review in some detail the various proceedings which took place in this case. On October 21, 1962, the State's Attorney of Cook County filed eleven complaints against defendant in the then municipal court of Chicago. Seven of the complaints charged him with indecent liberties, two charged him with rape, and two with deviate sexual assault.

On the next day, October 22, 1962, defendant was brought before Judge F. Emmett Morrissey who was then a judge of the municipal court of Chicago. Insofar as is here relevant, the following colloquy took place between the court, assistant State's Attorney Edmund Roman, and the defendant:

"THE COURT: Are you Bruce Pierce?

MR. PIERCE: Yes, sir.

THE COURT: You're charged with indecent liberties with a child. How many charges are there.

MR. ROMAN: There's quite a few.

MR. PIERCE: I'd like to plead guilty, sir.

THE COURT: You'd like to plead guilty?

MR. PIERCE: Yes, sir.

MR. ROMAN: The officer went downstairs to get a direct indictment. Do you want to pass this?

MR. PIERCE: Let me plead, please.

THE COURT: How old a man are you?

\* \* \*

THE COURT: You've been in this kind of trouble before?

MR. PIERCE: Yes, sir.

MR. ROMAN: Right.

THE COURT: All right now, any consideration we have to give you will be given to you upstairs. You've been involved with this kind of case before, so it will be tried in the Criminal Court. All right, Grand Jury, and the bond will be so much, it would be impossible for him to make it. Officer, take about four of them.

MR. ROMAN: Two.

THE COURT: All right, Grand Jury; hearing waived."

On the next day, October 23, 1962, the grand jury returned the three indictments here in question.

On November 20, 1962, defendant was again brought before Judge Morrissey in the municipal court of Chicago. The following is the complete report of the proceedings which took place at that time:

"THE CLERK: Bruce Pierce.

THE COURT: Are you Bruce Pierce?

MR. PIERCE: Yes, sir.

THE COURT: Did I hear the evidence on this?

MR. ROMAN: No.

THE COURT: Are you guilty or not guilty?

MR. PIERCE: Yes, guilty.

MR. ROMAN: I'll have to call for the file, Judge. We don't have the sex file.

THE COURT: All right, motion State. You better— December 5th.

MR. ROMAN: I realize that.

THE COURT: All right, December 5th.

\* \* \* \* \* \* \*

THE CLERK: Bruce Pierce.

THE COURT: Has he been indicted?

POLICE OFFICER: Yes.

THE COURT: Nolle Prosse.

MR. ROMAN: He's been indicted. The trial is coming up December 17th.

THE COURT: What else have you got now? All right, Bruce Pierce?

MR. PIERCE: Yes, sir.

THE COURT: All right, nolle prosse, you've been indicted. Take him away, he's been indicted.

MR. ROMAN: They want the papers here."

On January 23, 1963, the defendant filed his motion in the circuit court of Cook County, criminal division, to quash the indictments on the ground that he had been placed in double jeopardy. The motion was denied. After a number of continuances, defendant indicated a desire to plead guilty on April 15, 1963, and after being admonished as to the consequences of such a plea, he entered his plea of guilty and sentence was imposed.

Defendant contends that he was placed in jeopardy in the municipal court of Chicago and that the indictments for rape, indecent liberties and deviate sexual conduct in the circuit court should therefore have been quashed. At the outset we note that the complaints filed in the municipal court charged defendant with felonies over which the municipal court of Chicago had no jurisdiction. (Ill. Rev. Stat. 1961, chap. 37, par. 357.) Consequently, defendant was

never placed in actual jeopardy of conviction on the felony charges in that court. *People* v. *Johnson,* 411 Ill. 248; *People* v. *Campbell,* 49 Ill. App. 2d 269.

Aside from the fact of the court's lack of jurisdiction we think that jeopardy did not attach in the municipal court for the further reason that defendant was never arraigned and no trial was ever commenced in that court. (*People* v. *Friason,* 22 Ill.2d 563; *People* v. *Watson,* 394 Ill. 177; *O'Donnell* v. *People,* 224 Ill. 218.) Defendant's first appearance in the municipal court was on October 22, 1962, at which time the court held a preliminary hearing resulting in the defendant being held over to the grand jury. Indictments were then returned by the grand jury on the next day. Defendant's final appearance before the municipal court was on November 20, 1962. It is apparent from the record that there was confusion on the part of the court and the assistant State's Attorney as to the reason for the defendant's appearance on that day. It was at this time that the court asked defendant whether he was guilty, and defendant responded affirmatively. Immediately thereafter, it was determined that defendant had been indicted in the circuit court, and the proceedings in the municipal court were immediately terminated by the entering of a *nolle prosequi* on the eleven complaints.

We do not think that the court's inquiry of defendant as to his guilt can be construed as an arraignment. No admonishment to the defendant was given and no plea of guilty was accepted. Despite the irregularities which occurred in the November 20 proceedings, we do not believe that the defendant was ever placed in jeopardy in the municipal court of Chicago within the letter and spirit of the constitutional provision against double jeopardy.

The judgment of the circuit court of Cook County, criminal division, is affirmed.

*Judgment affirmed.*