(No. 42317.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BRUCE PIERCE, Appellant.

*Opinion filed April 1, 1971.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (FRED SHANDLING, JAMES N. GRAMENOS, and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook County which granted the State's motion to dismiss the defendant's petition for a post-conviction hearing and amendment thereto.

The defendant was charged in three indictments with the crimes of rape, indecent liberties, and deviate sexual conduct, and entered pleas of not guilty thereto. On April 15, 1963, he withdrew his pleas of not guilty and entered a plea of guilty to each indictment. He was sentenced to concurrent terms of five to ten years imprisonment on each indictment. A direct appeal was taken to this court claiming double jeopardy. This court affirmed the circuit court. *People* v. *Pierce,* 34 Ill.2d 382.

In 1968, the defendant filed *pro se* a petition in the circuit court of Cook County seeking multiple forms of relief among which was relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) The *pro se* petition was lengthy and contained many allegations of error at various stages of the proceedings. The Public Defender was appointed to represent the defendant and filed an amendment to the post-conviction petition supported by an affidavit of defendant. At a later time another hand-written affidavit of the defendant was also filed in support of the post-conviction petition and amendment thereto.

Of the many allegations contained in the petition and amendment, only two have been preserved and raised in this court. First, the defendant alleges that the participation of the trial judge in plea negotiations rendered the plea of guilty involuntary. Second, the defendant alleges that the defendant's appointed counsel, following the defendant's plea of guilty, failed to inform the court of the defendant's desire to withdraw his plea of guilty, which failure amounted to a denial of due process of law.

The Post-Conviction Hearing Act requires that the petition shall clearly set forth respects in which the petitioner's constitutional rights have been violated and that the same shall be accompanied by affidavits, records or other evidence in support of its allegations, or the petition shall state why the same are not attached. We have held many times that unsupported conclusional allegations in a petition are not sufficient to require a post-conviction hearing under the Act and that the petition and supporting affidavits must make a substantial showing of the violation of a constitutional right before a hearing thereon is required. *People* v. *Morris,* 43 Ill.2d 124; *People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Brown,* 41 Ill.2d 503; *People* v. *Collins,* 39 Ill.2d 286; *People* v. *Satterwhite,* 38 Ill.2d 138; *People* v. *Evans,* 37 Ill.2d 27.

In applying these well established principles to the petitioner's allegations and supporting documents, we will consider first his contention concerning the judge's participation in the plea negotiation. The hand-written affidavit signed by the defendant, and filed after the amendment to the petition was filed, alleges as follows: "On Monday, April 15, 1963, Judge Fitzgerald sent the appointed lawyer to offer affiant five to ten years for each charge concurrently in consideration of a change of plea, and the said attorney recommended that affiant accept the offer." The original petition filed by the defendant *pro se* contained an allegation similar to the statement in this affidavit. These documents attempt to in-

ject the judge into the bargaining process. After examining these last referred-to documents, we conclude that the allegations thereof are not sufficient to require that a hearing be conducted thereon. These allegations are but conclusions of the defendant and the mere fact that they are under oath is not sufficient to satisfy the requirements of the Act. *People* v. *Reeves,* 412 Ill. 555.

At the time in question the defendant was represented by two court-appointed attorneys and had been previously represented by the Public Defender by appointment of the court. His affidavit simply states that the judge sent the appointed lawyer without identifying who it was that the court sent. The affidavit does not state how the information that the judge had sent the lawyer was imparted to the defendant. If the lawyer told him this, then these facts should have been alleged and supported by an affidavit of the lawyer or an explanation given for the absence of the same. Clearly, the allegation that the judge sent the lawyer is a conclusion which the defendant has drawn from some source other than his personal knowledge.

Furthermore, the affidavit does not indicate that the trial judge improperly participated in the plea negotiation. The allegation is consistent with the common practice of the defense counsel and State's Attorney agreeing on the recommendation as to the sentence and then informing the judge of the agreement. The judge then customarily asks for the defendant's reaction to the recommendation, or requests the defense counsel to communicate the recommendation to the defendant. There is no allegation here that the negotiation of the plea was initiated or that the recommendation of the sentence was made by the judge rather than the defense counsel or the State's Attorney. (*People* v. *Brock,* 45 Ill.2d 292; *People* v. *Darrah,* 33 Ill.2d 175.) For these reasons, we conclude that the vague, indefinite and uncertain allegations of the pleading and affidavit were insufficient to require a hearing under the Post-Conviction Hearing Act.

*People* v. *Smith,* 40 Ill.2d 562; *People* v. *Reed,* 36 Ill.2d 358; *People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Bernatowicz,* 413 Ill. 181.

The allegations in the instant case differ substantially from those in *People* v. *Washington,* 38 Ill.2d 446, wherein this court held that the petition and affidavit of the defendant were sufficient to require a hearing. In *Washington* the defendant alleged what his attorney had told him concerning the conference with the judge. The petition stated why the affidavits of persons who had knowledge of this conference were not attached and it identified every person involved by name. In *Washington* as in *People* v. *Sigafus,* 39 Ill.2d 68, the petition alleged that the penalty agreed upon which induced the plea of guilty was less than the penalty imposed by the court. In the instant case the defendant received the same penalty which he alleges was offered to him.

In this court the defendant contends that since his guilty pleas were induced by the conduct of the trial judge in initiating and participating in the plea negotiation, he was entitled to a hearing on his motion to withdraw his pleas of guilty. For this reason he contends that the failure of his appointed counsel to present to the court a motion to withdraw his pleas as he requested him to do violated the defendant's right to due process of law. This contention has no support in the record. Nowhere in the pleadings or affidavits does the defendant allege that his pleas of guilty were induced by anything that the trial court said or did. As pointed out above, the defendant alleges certain conclusions as to the trial judge's conduct, but he never alleges that his pleas of guilty were induced thereby.

The defendant alleges that as soon as he returned to his cell following his pleas of guilty, he wrote his court-appointed counsel and told him he was not guilty of the crime of rape and requested him to take the necessary steps to withdraw his pleas of guilty, but that the attorney never informed the judge of this request. The attorney in a reply

letter, a copy of which is attached to defendant's affidavit, informed defendant that he had pleaded guilty; that the pleas were entered voluntarily after a rather extensive admonition as to the consequences of the pleas; that the defendant was fully informed and aware of the crimes to which he pleaded and considering the defendant's past record and the circumstances surrounding the case, the sentence imposed was light. In view of this, counsel felt that a motion to vacate would be without a valid basis and could not be sustained. For this reason he informed the defendant that he no longer cared to participate in the case and suggested that any further correspondence concerning the defendant's case be directed to the other court-appointed counsel. This letter was dated April 18, 1963, three days after the pleas of guilty were entered. There is no allegation in the pleadings or affidavits that the defendant ever attempted to have his other court-appointed counsel present a motion to withdraw his pleas of guilty. Under these circumstances, we are of the opinion that the defendant has failed to raise any substantial question as to a violation of his right to due process of law and thus is not entitled to a post-conviction hearing thereon.

In addition to the foregoing, the pleadings and affidavits do not show that the defendant would have been entitled to a hearing on a motion to withdraw his pleas of guilty had one been presented to the court. The amendment to the petition and one of the affidavits allege that the defendant was not guilty of rape. No reference is made to the other two offenses to which the defendant had pleaded guilty. The other affidavit says nothing about his innocence. Aside from this single protestation of innocence, the pleadings simply assert that the defendant requested the attorney to take the necessary steps to withdraw his pleas of guilty. This, of course, is nothing more than an indication that the defendant had changed his mind after returning to his cell, which is not sufficient to require a

hearing on a motion to withdraw a plea of guilty under the guidelines announced by this court in *People* v. *Morreale,* 412 Ill. 528. Nor does the mere allegation of innocence as to the crime of rape sufficiently bolster the motion to withdraw the plea of guilty to that offense so as to require a hearing thereon where the defendant has been adequately informed of the nature of the charge and of the possible consequences of the plea. *People* v. *Walston,* 38 Ill.2d 39.

In view of the deficiencies in the petition, amendment to the petition, and affidavits, we perceive no error in the trial court's dismissal of the same without a hearing.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.