THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NICHOLAS GREVAN, Defendant-Appellee.

(No. 59936;

First District (5th Division)—November 8, 1974.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Fran Baumgart, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The State appeals from an order granting defendant's motion to dismiss an indictment wherein defendant was charged with felonious theft. On October 8, 1971, defendant was charged with deceptive practice in violation of section 17(1)(d) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 17(1)(d)), a misdemeanor. Prior to a jury trial, on motion of the State, the charge was stricken, with leave to reinstate. Defendant was then charged by indictment with felonious theft in violation of section 16—1(b) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(b)). The indictment was based on facts identical to those underlying the misdemeanor charge. Defendant, claiming double jeopardy, moved to dismiss and the trial court granted the motion.

The sole issue on review is whether the State's attempt to prosecute defendant on the indictment placed him in double jeopardy.

Defendant has filed neither an appearance nor a brief in this matter. In such circumstances, this court, in its discretion, may either reverse the matter pro forma or consider the merits of the appeal. (*People v. Marro*, 4 Ill.App.3d 197, 280 N.E.2d 560.) In this case we will consider the merits of the appeal.

OPINION

■■■ We agree with the State's interpretation that a trial begins and jeopardy attaches in a jury trial when the jury has been impaneled and sworn. (*People v. Pierce*, 34 Ill.2d 382, 216 N.E.2d 120.) Extended discussion is unnecessary. Since the former prosecution was dismissed prior to impanelment of any members of a jury, there was no prosecution and it was error for the trial court to dismiss the indictment.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and DRUCKER, J., concur.