THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. TERRY L. NORRIS, Petitioner-Appellant.

Third District   No. 3—86—0267

Opinion filed September 18, 1986.

Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin, of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Terry L. Norris, appeals from the court's dismissal of his post-conviction petition without an evidentiary hearing. We affirm.

The petitioner pleaded guilty to robbery, theft, and battery of a 14th Judicial Circuit judge. Immediately before the defendant's plea was offered to and accepted by the 14th Judicial Circuit court, the petitioner withdrew his motion to transfer the cause out of the 14th Circuit. The court accepted the petitioner's plea and sentenced him to concurrent prison sentences of 5 years for robbery and 364 days for battery; the theft conviction was vacated.

The petitioner unsuccessfully sought relief with his motion to vacate his plea, his direct appeal (*People v. Norris* (1986), 139 Ill. App. 3d 1165 (Rule 23 order)), and his *pro se* post-conviction petition which had been supplemented with assistance of appointed counsel (the petition). He brings the instant appeal from the court's dismissal of the petition.

The first issue on appeal is whether the court properly dismissed the petition without an evidentiary hearing. The petitioner argues that dismissal was improper as the petition raised a constitutional claim based upon matters outside the record: that the court coerced the plea by initiating plea discussions in violation of Supreme Court Rule 402(d)(1) (87 Ill. 2d R. 402(d)(1)).

The defendant's instant petition and his own supporting affidavit alleged specifically that on or about March 10, 1985, Circuit Judge

David DeDoncker caused and initiated plea-bargain discussions regarding the petitioner with the petitioner's attorney, Dana R. McReynolds. The petitioner further alleged that at the time of the court's alleged initiative he had not authorized or directed his attorney to engage in plea discussions and he had no knowledge of plea discussions occurring prior to the alleged initiative. Additionally, the petitioner alleged that he was coerced to plead guilty as he believed that Judge DeDoncker would preside over his trial and that he would be unable to receive a fair trial because Judge DeDoncker had initiated plea discussions.

The Post-Conviction Hearing Act (the Act) requires that a petition for post-conviction relief clearly set forth the respects in which the petitioner's constitutional rights were violated. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.) Unsupported conclusional allegations in the petition or in the defendant's own affidavit are not sufficient to require a post-conviction hearing under the Act. (*People v. Pierce* (1971), 48 Ill. 2d 48, 268 N.E.2d 373.) Rather, the petition and supporting affidavits must make a substantial showing of the violation of a constitutional right before a hearing thereon is required. 48 Ill. 2d 48, 268 N.E.2d 373.

We find no error in the court's decision to dismiss the petition without an evidentiary hearing. Initially, we observe that the petitioner's filings raise no arguable basis for a finding of a constitutional violation except with regard to the court's initiation of plea discussions. In that regard, we note specifically that the court properly found that Rule 402 admonitions preceding the trial court's acceptance of the petitioner's guilty plea unequivocally support the finding that the petitioner was well-informed and acting voluntarily when he offered his plea. We further note that by electing to withdraw his motion to transfer his case outside the 14th Circuit and appearing before Judge DeDoncker to offer his plea, the petitioner waived any argument that Judge DeDoncker could not properly preside over proceedings on his plea. See *People v. Norris* (1986), 139 Ill. App. 3d 1165 (Rule 23 order).

In regard to the defendant's remaining allegation, that the court initiated plea discussions in violation of Rule 402(d)(1), we find no substantial showing to require an evidentiary hearing. This case is similar to *People v. Pierce* (1971), 48 Ill. 2d 48, 268 N.E.2d 373, where the supreme court affirmed the trial court's post-conviction petition dismissal without a hearing. Here, as in *Pierce*, the petitioner lacked first-hand knowledge of the court's alleged involvement in plea discussions. Also, the petitioner here, as the petitioner in *Pierce*,

failed both to present the affidavit of anyone with firsthand knowledge of the alleged violation by the trial court, and to explain the absence of such supporting evidence. We find that the instant allegation is merely conclusional. Neither the petition's specific, unsupported assertion that the court initiated plea discussions nor the petition's general assertion that attorney McReynolds would testify at a hearing on the petition is sufficient to remedy the petition's failing.

Additionally, we note that, even if the petitioner had presented sufficient support for his petition's allegation that the court initiated plea discussions in violation of Rule 402, it is unclear that proof of that violation, standing alone as it would here, would authorize a conclusion that the petitioner's conviction resulted from an involuntary or coerced plea or from any constitutional violation otherwise. Compare *People v. Bennett* (1974), 16 Ill. App. 3d 972, 307 N.E.2d 176; *United States ex rel. Robinson v. Housewright* (7th Cir. 1975), 525 F.2d 988.

Given our resolution of the defendant's first argument, we need not address the remaining argument presented on appeal.

Accordingly, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.