THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD A. JONES, Defendant-Appellant.

Fourth District   No. 4—88—0133

Opinion filed September 28, 1988.

Daniel D. Yuhas and Gloria A. Carroll, both of State Appellate Defender's Office, of Springfield, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant Richard A. Jones was charged by a nine-count information with attempt (murder) (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1)), home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11), burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1), armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)), robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—1), aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)), armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), and theft of property having a value in excess of $150 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)). After a jury trial, defendant was found guilty of all the offenses alleged in the information.

He was then sentenced to 50-year terms for attempt (murder), home invasion, armed robbery, and armed violence. He was also sentenced to 10 years' imprisonment for aggravated battery, 12 years' imprisonment for burglary, and 8 years' imprisonment for theft. All terms were to be concurrent.

On appeal, after vacating the judgments of conviction of and sentences imposed for aggravated battery, armed violence, burglary, and theft over $150, this court affirmed the remaining convictions and sentences. (*People v. Jones* (1982), 108 Ill. App. 3d 880, 439 N.E.2d 1011.) On November 7, 1986, defendant filed a *pro se* petition for post-conviction relief in the circuit court of Macoupin County. Counsel was appointed to represent defendant and, subsequently, a hearing was held on February 5, 1988.

At the hearing, defendant stated the first time he realized he could be sentenced to a 50-year term of imprisonment was on the day of sentencing. Prior to that, he believed the maximum sentence he could receive was 30 years. At his arraignment, the trial court advised defendant he could receive a maximum sentence of 30 years and did not advise defendant of the possibility of an extended term. According to defendant, his appointed counsel did not advise defendant of the possibility of an extended term. During plea negotiations, the State offered defendant a recommendation to the court of 30 years' imprisonment in return for a guilty plea, which defendant rejected because he believed the State was offering the maximum term. After considering the evidence and arguments of counsel, the defendant's petition for post-conviction relief was denied.

Defendant has now appealed the denial of his post-conviction pe-

tition. In this appeal, he raises the sole issue of whether the trial court's failure to admonish defendant and defense counsel's failure to advise defendant about the possibility of an extended term of imprisonment was such a violation of defendant's constitutional rights as would require this court to reduce defendant's sentence from 50 years' imprisonment to 30 years' imprisonment.

The purpose of the post-conviction petition proceeding is to review a conviction which may have resulted from a substantial denial of a defendant's rights under the constitutions of the United States or of the State of Illinois. (Ill. Rev. Stat. 1987, ch. 38, par. 122—1.) However, one of the reasons the trial court denied defendant's petition is that in the present case, defendant could have raised this very issue in his direct appeal, but did not, and therefore the trial court decided defendant is barred from raising this issue in his post-conviction petition.

■ Although an affirmance of a conviction on appeal has a *res judicata* effect on all post-conviction proceedings as to all issues which were or could have been raised in the direct appeal, particularly where the relevant facts appear of record, this rule does not bar the review of an issue by post-conviction petition if the interests of justice require the issue be reviewed to ensure fundamental fairness at trial. *People v. Montgomery* (1986), 141 Ill. App. 3d 428, 490 N.E.2d 206, *cert. denied* (1986), 479 U.S. 866, 93 L. Ed. 2d 151, 107 S. Ct. 224.

■ In the case at bar, the report of proceedings for the probable cause hearing and the arraignment demonstrate the maximum sentence referred to by the trial judge was an indeterminate term of 30 years plus a 3-year term of mandatory supervised release and a fine of up to $10,000. Nothing in these reports of proceedings reflects defendant's knowledge at the time of rejecting the plea offer or his attorney's alleged failure to inform defendant of the possibility of an extended term even though the facts presented by the case clearly indicated such a possibility existed because of the exceptionally brutal and heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2).) Therefore, the issue could not have been considered on direct appeal and should be considered now.

A guilty plea, being itself a conviction, involves the waiver of several constitutional rights and, as a result, due process requires the record affirmatively reflect that the plea was intelligent and voluntary. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) Where the plea rests on a "bargain" negotiated between defense and prosecution, that inducement or consideration

must be disclosed. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.) In addition, a guilty plea cannot be accepted unless the court fully explains to the defendant both the consequences of the plea and the maximum penalty the law provides. (Ill. Rev. Stat. 1987, ch. 38, par. 113—4(c).) However, the case at bar does not involve the entry of a guilty plea and, thereby, the waiver of defendant's constitutional right against compulsory self-incrimination, right to a trial by jury, and right to confront his accusers. In this case, the defendant chose to fully exercise his constitutional rights and now complains about the sentence received.

Where there has been no change in facts other than the defendant having asserted his constitutional rights by rejecting a negotiated guilty plea, a prosecutor may not, merely because of vindictiveness, seek a death penalty after the defendant subsequently, voluntarily, and intelligently pleads guilty in an unnegotiated plea where the prosecutor had originally agreed to recommend a 60-year term of imprisonment. (*People v. Walker* (1981), 84 Ill. 2d 512, 419 N.E.2d 1167, *cert. denied* (1984), 465 U.S. 1031, 79 L. Ed. 2d 697, 104 S. Ct. 1297.) On the other hand, the prosecutor may repudiate the plea agreement prior to the entry of the guilty plea (*People v. Boyt* (1985), 109 Ill. 2d 403, 488 N.E.2d 264, *cert. denied* (1986), 476 U.S. 1143, 90 L. Ed. 2d 699, 106 S. Ct. 2254) and the prosecutor may even carry out his threat to reindict a defendant under habitual criminal statutes, subjecting defendant to a greater potential sentence, where the defendant has been openly confronted in plea bargaining with the risk of more severe punishment for refusing to forego trial. *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663.

*Walker* and *Boyt* are clearly distinguishable from the case at bar. Unlike *Walker*, this defendant did not subsequently plead guilty, but instead proceeded to trial. Unlike *Boyt*, it was not the prosecutor who repudiated the agreement. The defendant rejected it and nevertheless complains of being held to his choice.

In *People v. Perez* (1983), 113 Ill. App. 3d 143, 446 N.E.2d 1229, *appeal denied* (1983), 94 Ill. 2d 556, after considering the *Bordenkircher* decision and Illinois Supreme Court Rule 402(a)(2) (107 Ill. 2d R. 402(a)(2)), which requires possible penalties be made known to a defendant at the time of pleading guilty, the reviewing court concluded a trial court is not obligated to inform a defendant of potential sentences where the defendant has not pleaded guilty. Since we agree with the conclusion in *Perez*, the only question remaining here is whether the alleged failure of defense counsel to advise

defendant of the potential extended term led to a violation of defendant's constitutional rights.

As a result, the defendant's argument boils down to whether defendant was provided ineffective assistance of counsel. Defendant must show defense counsel's representation was below an objective standard of reasonableness, denying defendant a "reliable" result, with a reasonable probability the result would have been different had there been no ineffective assistance of counsel. (*People v. Wright* (1986), 111 Ill. 2d 18, 488 N.E.2d 973.) In this case, defendant never testified he would have accepted the State's offer of recommending 30 years' imprisonment even had he known there was a possibility of an extended term, and therefore defendant has not proved any actual prejudice.

Furthermore, the only witness to testify at the post-conviction hearing was the defendant. Defense counsel neither testified nor submitted an affidavit stating defendant was never advised of the possibility of an extended term of imprisonment. The credibility of defendant in making such an uncorroborated assertion is a factor to be weighed by the trial judge in determining whether the defendant has carried his burden of proof. The trial court need not accept defendant's testimony even if it is uncontradicted by other testimony since the 20-year reduction in sentence would be a strong motivation for defendant to testify as he did.

The trial court found that the defendant failed to establish his constitutional rights had been violated. This court will not substitute its judgment for that of the trial court which had a better opportunity to see and hear the witnesses. See *People v. Stewart* (1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179, *cert. denied* (1979), 441 U.S. 907, 60 L. Ed. 2d 376, 99 S. Ct. 1998.

For the foregoing reasons, the order of the circuit court denying defendant's petition for post-conviction relief is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.