THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JOEL C. JACKSON, Petitioner-Appellant.

Second District   No. 2—89—0501

Opinion filed May 31, 1991.—Rehearing denied June 17, 1991.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Joel C. Jackson, appeals from an order of the circuit court of Winnebago County dismissing his amended petition for post-conviction relief. The sole issue raised on appeal is whether the trial court erred in dismissing the petition without an evidentiary hearing.

On January 24, 1985, after a jury trial, defendant was found guilty of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)) and was sentenced to an extended term of 18 years' imprisonment. This court affirmed defendant's conviction on direct appeal. *People v. Jackson* (1986), 140 Ill. App. 3d 318.

Subsequently, on December 21, 1987, defendant filed a *pro se* petition for post-conviction relief. Attorney Francis Martinez was appointed to represent defendant in the post-conviction proceedings. Martinez then filed a verified petition for post-conviction relief on July 28, 1988. The petition alleged that defendant was denied the ef-

fective assistance of counsel because defendant's trial counsel failed to advise defendant of his eligibility for an extended-term sentence so that defendant could not make an informed decision regarding the conduct of his defense.

The State filed a motion to dismiss the petition on August 4, 1988, alleging that the petition should be dismissed because it was unsupported by affidavit and because defendant's allegations of ineffective assistance of counsel could have been raised on direct appeal.

The court heard the arguments of counsel regarding the State's motion to dismiss on October 28, 1988. An amended petition for post-conviction relief was later filed, on October 31, 1988. This petition alleged, in pertinent part, that defendant's counsel failed to advise defendant of his eligibility for an extended sentence of up to 30 years and:

> "3. That lacking the acknowledge [sic] of the aforementioned eligibility and believing that counsel had fully advised him of his rights and all possible results of a conviction, Defendant entered into plea bargaining with the State, and accordingly refused to plea [sic] guilty and accept a sentence of four (4) years imprisonment.
>
> 4. But for trial court counsel's failure to advise the Defendant of his eligibility for an extended sentence of up to thirty (30) years if convicted, Defendant would have excepted [sic] the State's offer of a plea of guilty with four (4) years of imprisonment."

The petition further alleged that these allegations were not raised during the direct appeal "due to the close association of Defendant's trial court counsel and his appellate counsel." Defendant requested in the petition that the judgment of conviction be vacated and that he "be allowed to enter a plea of guilty and be sentenced to a period of four (4) years imprisonment." In essence, defendant desires a *reduction in his sentence* from 18 to 4 years. Defendant signed the petition and a verification clause in which he stated that "to the best of my knowledge and belief, the foregoing is correct in fact and substance." Defendant's affidavit was also attached to the petition, but the affidavit only related to defendant's desire to preserve the issue of whether he was convicted by a jury of his peers.

The record on appeal shows that defendant was not informed by the trial court that he was eligible for an extended-term sentence at arraignment or at any time prior to the sentencing hearing. The record also discloses that the possibility of a negotiated plea was men-

tioned by a public defender during a status hearing on November 1, 1984, prior to the trial in the case.

On May 1, 1989, the trial court granted the State's motion to dismiss. The court noted that a trial court has no constitutional obligation to inform a defendant of a potential extended-term sentence unless the defendant has chosen to plead guilty. The court also stated that defendant had not met the test to show ineffective assistance of counsel and had waived the right to raise the issue by failing to present it in his direct appeal. Defendant filed a timely notice of appeal from this ruling.

Defendant argues on appeal that the trial court erred in dismissing defendant's amended petition for post-conviction relief without an evidentiary hearing. He contends that the trial court obviously missed the point of the allegations in the petition as the court focused on the duty of a trial court to inform a defendant of the potential sentence but did not consider the obligation of trial defense counsel to advise his client of the potential sentence.

Defendant relies on *People v. Whitfield* (1968), 40 Ill. 2d 308, and *People v. Ferguson* (1980), 90 Ill. App. 3d 416, which held that a criminal defendant has a constitutional right to be advised by his counsel of the State's offer of a lesser degree of punishment in return for a plea of guilty to a reduced charge. Defendant asserts that, clearly, the duty to inform a client of a plea offer is only partially fulfilled if counsel neglects to inform the client of what he faces if he turns down the offer, goes to trial and is convicted. He contends that this is true because it is impossible to calculate the benefit from pleading guilty without knowledge of the maximum possible sentence. He argues that this is especially true in this case as the record shows that defendant was never informed of the range of penalties by the trial court.

The State first argues that the trial court was correct in determining that defendant waived the right to raise this issue by failing to raise it in his direct appeal. Defendant contends that this issue could not have been raised in his direct appeal because the allegations of ineffective assistance of counsel involved here require an inquiry into matters outside of the common-law record.

■■ The same issue was considered by the court in *People v. Jones* (1988), 174 Ill. App. 3d 794, a case involving a claim of ineffective assistance of counsel very similar to defendant's claim. In that case, the court determined that the trial record did not contain anything which reflected on the defendant's knowledge at the time of rejecting the plea offer or his counsel's alleged failure to inform defendant of the possibility of an extended-term sentence. The *Jones* court,

therefore, concluded that the issue could not have been raised in a direct appeal and was properly considered in a post-conviction proceeding. (*Jones,* 174 Ill. App. 3d at 797.) Although there is merit to the court's decision in *Jones,* we believe the proper manner to prosecute the issues raised by the defendant would have been through a motion pursuant to section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c)). Having failed to file a motion to reduce or vacate his sentence pursuant to this section and having the issue disposed of in his appeal, we believe defendant has waived this issue. Defendant, the moment he was sentenced, realized the defect of which he now complains. Had he properly filed a motion to reduce his sentence, the trial court could have considered the error and disposed of the issue prior to any appeal. (See *People v. Thomas* (1990), 193 Ill. App. 3d 525.) We believe defendant, by failing to file this motion, has committed a procedural default. He should not now be allowed to raise this issue in a post-conviction proceeding.

Defendant attempts to avoid a determination of waiver by alleging the trial and appellate counsel, in close association, affected his appeal. However, he does not attach affidavits in support of his assertion, nor does he explain the failure to seek reduction of his sentence. Although this court in *Thomas* has suggested the failure to raise an issue in the reduction motion will not result in its waiver on appeal, there still must be something in the record for this court to determine reversible error. In conclusion, we do not believe *Jones* is controlling, especially in view of the following rationale for affirmance.

The State next argues that the petition was properly dismissed because of defendant's failure to supply supporting material with the petition. We agree and affirm the decision of the trial court on that basis.

■ The Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) provides a remedy to criminal defendants who claim that substantial violations of constitutional rights occurred at trial. (*People v. Owens* (1989), 129 Ill. 2d 303, 307; *People v. Seidler* (1990), 203 Ill. App. 3d 666, 668.) Section 122—2 of the Act provides that a petition for post-conviction relief "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.) It is well established that a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*Owens,* 129 Ill. 2d at 308; *People v. Del Vecchio* (1989), 129 Ill. 2d 265, 279.) "A hearing is only allowed if the petitioner makes a substantial showing of a violation of a constitutional right and the allegations are sup-

ported by the record in the case or by accompanying affidavits." *Del Vecchio*, 129 Ill. 2d at 279; see also *People v. Saunders* (1989), 187 Ill. App. 3d 734, 739.

■ The showing of a violation of constitutional rights must be based on factual allegations, not conclusory statements. (*People v. Hysell* (1971), 48 Ill. 2d 522, 527; *People v. Barr* (1990), 200 Ill. App. 3d 1077, 1080.) It is the petitioner's burden to support the allegations with affidavits, records, or other evidence containing specific facts. (*Barr*, 200 Ill. App. 3d at 1080.) Unsupported conclusional allegations in the petition or in the defendant's own affidavit are not sufficient to require a post-conviction hearing under the Act. (*People v. Pierce* (1971), 48 Ill. 2d 48, 50; *People v. Norris* (1986), 147 Ill. App. 3d 178, 180; see also *People v. Phillips* (1989), 183 Ill. App. 3d 417, 423-24.) The dismissal of a petition for post-conviction relief is within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. *Saunders*, 187 Ill. App. 3d at 739; see also *Del Vecchio*, 129 Ill. 2d at 284.

Defendant has not cited, nor have we found, any Illinois cases which hold that the failure to inform a defendant of his eligibility for an extended-term sentence during plea negotiations constitutes the ineffective assistance of counsel so that a defendant's sixth amendment right to counsel is violated.

■ We find that defendant's petition for post-conviction relief fails to make the necessary substantial showing of the violation of a constitutional right as it is not supported by affidavits. We acknowledge that the petition is verified so that defendant's affidavit regarding allegations contained in the petition was not procedurally necessary. (See *People v. Williams* (1970), 47 Ill. 2d 1.) However, in the cases relied upon by defendant, additional affidavits were also included with the petition. In *Whitfield*, the affidavit of the assistant State's Attorney who prosecuted the case was attached to the petition and stated that an offer to reduce the charge was made to the defendant's counsel before trial. (*Whitfield*, 40 Ill. 2d at 309-10.) In *Ferguson*, the petition for post-conviction relief was supported by five affidavits including the affidavit of the assistant State's Attorney involved in the plea negotiations and the affidavits of two of the defendant's relatives who heard the defendant's counsel acknowledge the transmittal of an offer in return for a plea. *Ferguson*, 90 Ill. App. 3d at 417-18.

Similarly, in *People v. Stepheny* (1970), 46 Ill. 2d 153, 155-56, and *People v. Thomas* (1967), 38 Ill. 2d 321, 323, also cited by defendant, supporting affidavits were attached to the petitions. (See also *People*

*v. Munday* (1987), 153 Ill. App. 3d 910 (evidentiary hearing necessary regarding the defendant's claim of ineffective assistance of counsel based on allegations that his trial attorneys misrepresented plea agreement where affidavits of prior attorneys supporting claim were attached to petition).) Finally, defendant's reliance on *People v. Jones* (1988), 174 Ill. App. 3d 794, is misplaced. While the defendant in *Jones* raised a very similar claim of ineffective assistance of counsel in a petition for post-conviction relief, the petition was denied after a hearing. The *Jones* court did not discuss the issue of the sufficiency of the petition.

Support for the allegations in the petition also does not exist in the record. While defendant has pointed out that the record shows that the trial court did not admonish him of the possibility of an extended-term sentence until the sentencing hearing and that there was a mention in the record of plea negotiations, this support is minimal. The record provides no support for defendant's allegations that trial counsel did not inform him of the possibility of an extended-term sentence or that the State made an offer of a four-year sentence in return for a plea of guilty. Supporting affidavits were, therefore, substantively necessary.

In the absence of affidavits supporting the somewhat conclusory allegations contained in defendant's amended petition for post-conviction relief, we cannot say that the trial court abused its discretion in determining that the petition should be dismissed without an evidentiary hearing.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BOWMAN and GEIGER, JJ., concur.