2023 IL App (1st) 200217-U

FOURTH DIVISION
September 1, 2023

No. 1-20-0217

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10 CR 1857 |
| | ) | |
| SERGIO MARTINEZ, | ) | Honorable Ramon Ocasio, III, |
| | ) | Judge Presiding. |
| Petitioner-Appellant. | ) | |

_____

JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held***:** We affirm the circuit court's dismissal of certain claims in petitioner's postconviction petition at the second stage because his petition did not make a substantial showing of a constitutional violation for ineffective assistance of counsel.

¶ 2    Petitioner Sergio Martinez appeals the circuit court's dismissal of his petition under the Postconviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq*. (West 2018)) at the second stage,

arguing the court should not have dismissed the petition because it demonstrated substantial constitutional violations. We affirm.

¶ 3                                    BACKGROUND

¶ 4     We discuss only the facts necessary for the disposition of the issues in this appeal. A thorough recitation of the facts is included in our order affirming petitioner's conviction and sentence on direct appeal. See *People v. Martinez*, 2014 IL App (1st) 120002-U.

¶ 5     In sum, a jury found Martinez guilty of first-degree murder, and the circuit court sentenced him to 60 years in prison. At trial, Martinez's defense strategy was entirely centered on a self-defense theory. He testified in his own behalf at the trial. Although not required to do so, the circuit court engaged in a lengthy colloquy with Martinez on the record to ensure that he did not wish the jury to consider a second-degree murder instruction.

¶ 6     On direct appeal, Martinez contended that: (1) the State failed to disprove his claim of self-defense; (2) the circuit court erred in instructing the jury about limitations on the use of force in self-defense by an initial aggressor; (3) the circuit court erred in failing to instruct the jury that a non-aggressor has no duty to retreat before using force in self-defense; (4) the State made certain remarks in closing argument which were not based on evidence; and (5) the circuit court abused its sentencing discretion. *Martinez*, 2014 IL App (1st) 120002-U, ¶¶ 47-72.

¶ 7     This court affirmed, finding that: (1) a rational jury could have found, beyond a reasonable doubt, that Martinez did not act in self-defense; (2) the jury instructions were proper; (3) the circuit court had no duty to give instructions on its own initiative concerning Martinez's theory of the case; (4) Martinez did not suffer significant prejudice as a result of the State's closing-argument remarks; and (5) the trial court did not abuse its discretion by sentencing Martinez to 60 years for first-degree murder. *Id.* This court also declined to reduce petitioner's conviction from first-degree

murder to second-degree murder, noting that since he himself rejected a second-degree murder instruction, granting his appeal on that point "would offend all notions of fair play." *Id.* ¶ 50.

¶ 8    In 2015, Martinez filed the postconviction petition at issue in this appeal. The petition alleged that: (1) his trial counsel was ineffective; (2) his appellate counsel was ineffective; (3) he was the victim of prosecutorial misconduct; and (4) he was actually innocent of the crime charged.

¶ 9    The circuit court advanced the petition to the second stage and appointed counsel. The State moved to dismiss the petition. After briefing and argument, the circuit court dismissed almost all claims. The court found that Martinez failed to state a valid claim that appellate counsel was ineffective; that he failed to state a claim for prosecutorial misconduct; and that he failed to provide new evidence for the court's consideration and thus, failed to make a substantial showing of actual innocence. However, the court advanced one of Martinez's claims regarding his trial counsel's ineffectiveness for a third-stage evidentiary hearing. That claim was based on trial counsel's alleged failure to adequately communicate with petitioner and prepare him for his trial testimony.

¶ 10    Both petitioner and his trial counsel testified at the third-stage evidentiary hearing on the ineffectiveness of counsel claim. After considering that testimony, the circuit court rejected petitioner's claim for relief, explaining: "[T]here was adequate pretrial communication between Petitioner and [trial counsel]. Moreover, Petitioner's testimony describing and demarcating the scene in addition to explaining the facts to his counsel undermines his argument that he was unprepared to testify. Therefore, Petitioner cannot show that further pretrial communication would have altered the outcome of the case." This appeal followed.

¶ 11                            ANALYSIS

¶ 12    On appeal, Martinez presents no argument regarding the disposition of the particular ineffective assistance of counsel claim which the circuit court denied after the third-stage

evidentiary hearing. He has forfeited any claim of error regarding the third-stage evidentiary hearing for failure to cite relevant authority. See *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010) (failure to argue a point in the appellant's opening brief results in forfeiture of the issue).

¶ 13    Instead, he argues only that the circuit court should not have dismissed two particular claims at the second stage. These claims are that his trial counsel was ineffective for: (1) misadvising him about the sentencing range for second-degree murder and thus causing him to forego a second-degree murder instruction when given the choice; and (2) failing to object to alleged outbursts in front of the jury by the victim's mother during trial.

¶ 14    The Act provides a mechanism for criminal defendants to challenge a conviction on the basis that it violates their state or federal constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). "The purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentences that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22.

¶ 15    A petition filed pursuant to the Act is subject to three stages of review. *People v. Smith*, 2015 IL 116572, ¶ 9. During the first stage of review, the circuit court must determine whether the petition is "frivolous or patently without merit." 725 ILCS 5/122–2.1(a)(2) (West 2018). If the petition is not dismissed at the first stage, it will proceed to second-stage proceedings. *People v. Hommerson*, 2014 IL 115638, ¶ 7.

¶ 16    The circuit court dismissed defendant's petition at the second stage. At this stage, the circuit court must accept the defendant's well-pleaded allegations as true and determine whether the petition makes a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 35. A defendant makes a substantial showing when he demonstrates he will be

entitled to relief if he can prove his allegations at the third-stage evidentiary hearing. *Domagala*, 2013 IL 113688, ¶ 35.

¶ 17    When evaluating an ineffective assistance of counsel claim, this court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93 (1999). Under *Strickland*, a defendant claiming ineffective assistance "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

¶ 18    "*Strickland's* first prong sets a high bar." (Internal quotation marks omitted.) *Buck v. Davis*, 580 U.S. 100, 118 (2017). To meet it, "the defendant must prove that counsel made errors so serious, and that counsel's performance was so deficient, that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *Evans*, 186 Ill. 2d at 93. In so doing, " 'the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy.' " *People v. Manning*, 241 Ill. 2d 319, 327 (2011) (quoting *People v. Smith*, 195 Ill. 2d 179, 188 (2000)). "Because effective assistance refers to competent and not perfect representation, mistakes in trial strategy or judgment will not, of themselves, render the representation incompetent." *People v. Moore*, 2012 IL App (1st) 100857, ¶ 43.

¶ 19    To demonstrate prejudice, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The fundamental concern underlying this test is 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " *People v. Potthast*, 219 Ill. App. 3d 714, 720 (1991) (quoting *Strickland*, 466 U.S. at 686). We review the circuit court's dismissal of a postconviction petition at the second stage *de novo. Pendleton*, 223 Ill. 2d at 473.

¶ 20     We begin with petitioner's first claim of ineffective assistance of counsel. Petitioner claims that his trial counsel misadvised him that the potential sentence for a second-degree murder conviction was 20-45 years' imprisonment, when it was only 4-20 years' imprisonment, served at 50 percent. He offers two alternative theories as to why this constituted ineffective assistance. First, he relied on counsel's mistake of the law when forgoing a second-degree murder instruction; and second, even if that decision fell under trial strategy, the "all-or-nothing" defense theory was unreasonable because it was based on counsel's mistake of law.

¶ 21     A defendant bears the burden of overcoming the strong presumption that his counsel's decision was the product of sound trial strategy. *People v. Gacy*, 125 Ill. 2d 117, 125 (1988). Second-degree murder is a lesser mitigated offense of first-degree murder—*not* a lesser included offense. *People v. Wilmington*, 2013 IL 112938, ¶ 48; see also *People v. Newbern*, 219 Ill. App. 3d 333, 352-53 (1991) (second-degree murder is a lesser offense because its penalties upon conviction are lesser, and it is a mitigated offense because it is first-degree murder plus defendant's proof by a preponderance of the evidence that a mitigating factor is present). In *Neasom*, trial counsel presented an all-or-nothing defense for first-degree murder which did not include a request for a jury instruction on second-degree murder. There, the court ruled that advancing an all-or-nothing defense "[h]as been recognized as a valid trial strategy and is generally not unreasonable unless that strategy is based on counsel's misapprehension of the law." (Internal quotations omitted.) *People v. Neasom*, 2017 IL App (1st) 143875, ¶ 43 (quoting *People v. Spiller*, 2016 IL App (1st) 133389, ¶ 39, and *People v. Walton*, 378 Ill. App. 3d 580, 589 (2007)).

¶ 22     Here, the record indicates that the circuit court went to great lengths to ensure the defense theory was the product of an informed choice. The court engaged in a lengthy and careful exchange with petitioner, wherein petitioner specifically acknowledged and rejected the opportunity to

instruct the jury on second-degree murder. Even so, as the State correctly argues, because second-degree murder is *not* a lesser included offense of first-degree murder, the decision on whether to instruct the jury on second-degree murder belongs to trial counsel as a matter of strategy, not to the petitioner. In addressing a virtually identical argument in a case involving dismissal of a post-conviction petition at the second stage, this court relied on *Wilmington* to explain: "Since [the petitioner] did not have a personal right to decide whether he wanted a second-degree murder instruction, he was not actually 'waiving' any right, there was no 'unknowing waiver,' and his trial counsel did not provide ineffective assistance in advising him on the sentencing ranges (whatever that advice may have been)." *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 80.

¶ 23    At trial, petitioner pursued an all-or-nothing strategy centered around the affirmative defense of self-defense. *Martinez*, 2014 IL App (1st) 120002-U, ¶¶ 3, 63. This was entirely reasonable under the circumstances. The evidence was overwhelming that petitioner fired the shot which killed the victim, and he admitted as much in his own testimony. *Id.* ¶ 41. Even if trial counsel provided petitioner with the incorrect sentencing range for second-degree murder, that statement was nothing more than an erroneous remark. The trial record, along with the allegations in the petition and affidavit, show counsel understood that second-degree murder was a lesser offense that was punishable by a lesser sentence than first-degree murder. Based on the applicable case law which instructs that whether to pursue a second-degree murder instruction is an aspect of trial strategy, we cannot say that petitioner has made a substantial showing of a constitutional violation on this issue.

¶ 24    We now address petitioner's second ineffective assistance of counsel claim. He argues that he made a substantial showing that trial counsel was ineffective for failing to object to emotional outbursts from the victim's mother, Mivian Sanchez, during trial. In support of this claim,

petitioner submitted an affidavit from his own mother, Angela Martinez. We quote the affidavit in full. Angela Martinez stated that she witnessed Mivian Sanchez:

> "crying uncontrollably, and muttering the words 'He killed my son he did it' and his lawyer is even saying it numerous times throughout trial. I leaned over to tell my husband and we both after every day that trial was ending for the day would tell his lawyer. His lawyer told us he would [be] sure to tell the judge but never did so."

¶ 25     Petitioner claims that the failure to abate these outbursts constituted ineffective assistance of counsel because both Angela and her husband told the trial counsel about the outbursts, and trial counsel never brought it to the attention of the judge. The State maintains that this argument is without merit because the affidavits failed to articulate well-pleaded facts establishing Mivian's outbursts took place and impacted the jury, and the trial transcript does not show that any of these outbursts took place.

¶ 26     We again analyze these issues under the *Strickland* test for ineffective assistance of counsel to determine whether petitioner has shown "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

¶ 27     First, we address whether counsel's performance was deficient. A defendant bears the burden of overcoming the strong presumption that his counsel's decision was the product of sound trial strategy. *Gacy*, 125 Ill. 2d at 125. We take these allegations as true and in the light most favorable to the petitioner. *Domagala*, 2013 IL 113688, ¶ 35. We therefore assume that Mivian did in fact make outbursts during the court proceedings in the presence of the jury, and that defense counsel did not speak up to prevent them. Logically, this could not be a sound trial strategy. Therefore, the first prong of *Strickland* is met, and we turn to the second prong to see if the petitioner was prejudiced by this action.

¶ 28    The affidavit on this issue is woefully deficient. The affidavit does not indicate Mivian's proximity to the jury, whether a juror could have heard the statements, or even whether the jury was in the room when they were made. While it would not be a sound trial strategy to fail to object to an outburst from a victim's family member, the facts presented are insufficient to support a claim of ineffective assistance of counsel. Unsupported conclusional allegations in the petition, or in the petitioner's own affidavit, are not sufficient under the Act. *People v. Jackson*, 213 Ill. App. 3d 806, 811 (1991); see *People v. Pierce*, 48 Ill. 2d 48, 50 (1971); *People v. Norris*, 147 Ill. App. 3d 178, 180 (1986); see also *People v. Phillips*, 183 Ill. App. 3d 417, 423-24 (1989). That means even introduced and viewed in a light most favorable to the petitioner, this evidence is insufficient. Further, a larger issue presents itself. The court did not note any outbursts; there are no objections of record; and again, we are left with a vague unsupported statement. As our state's supreme court has found in the past, in the absence of a sufficient record, we presume that the circuit court acted properly. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 29    More importantly, we cannot discern how an objection to these outbursts would have changed the result of the trial. As we have explained, petitioner did not dispute that he killed the victim, and he embraced a self-defense strategy at trial. Our supreme court confronted more inflammatory behavior in *Perry*, where a prosecutor disparaged the defendant before the jury, and defense counsel failed to object. *People v. Perry*, 224 Ill. 2d 312, 345-47 (2007). On appeal, our supreme court found that the disparagements were not sufficient to rise to the level of prejudice required to receive a new trial. *Perry*, 224 Ill. 2d at 347-51. In *People v. Jackson*, a prosecutor made two mischaracterizations during closing arguments, and defense counsel failed to object. *People v. Jackson*, 2020 IL 124112, ¶¶ 78-81. Even there, the court found that it was still insufficient to rise to the level of prejudice required to meet the *Strickland* test. *Jackson*, 2020 IL

124112, ¶ 91. When disparagements made directly to the jury and incorrect facts are not enough to rise to the level necessary for prejudice, it is difficult for this court to find that "crying" and "muttering" by a victim's mother that are not shown in the record rise to that level. Therefore, while the petitioner may meet the first prong of the *Strickland* test on this issue, he did not meet the second prong and cannot show prejudice as required under *Strickland*.

¶ 30    Accordingly, the circuit court did not err by dismissing both of the postconviction claims at the second stage.

¶ 31                                    CONCLUSION

¶ 32    We affirm the circuit court's dismissal of the postconviction petition at the second stage.

¶ 33    Affirmed.