**The People of the State of Illinois, Plaintiff-Appellee, v. Albert A. Ojeda, Defendant-Appellant.**

Gen. Nos. 53,433, 53,434.

First District, First Division.

June 6, 1969.

Rafael A. Del Campo, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and L. Michael Getty, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Albert A. Ojeda, was charged with speeding and with driving a motor vehicle while under the influence of intoxicating liquor. He pleaded not guilty, waived a jury trial, and upon being found guilty as charged, he was fined $15 and $5 costs on the speeding charge and $200 and $5 costs on the drunken driving charge.

The defendant contends, on appeal, that (a) the conduct of the trial court was prejudicial, (b) the court erred in failing to call an additional witness and (c) that the defendant was not proven guilty beyond a reasonable doubt.

We turn first to the consideration of whether the remarks of the trial court were prejudicial and resulted in an unfair trial. The record, which is incomplete, shows that Officer Burns testified that at 5:30 a. m. on January 28, 1968, he was in a one-man car when he saw defendant's car pull over to the side of Fullerton Avenue. He stated that he observed the female driver of the automobile, Miss Schultz, change places with a male passenger, the defendant. The defendant then drove away at an excessive rate of speed, 45 miles per hour in a 30-mile per hour zone. After stopping the car some distance

481

away, Officer Burns ordered the defendant out of the car. Upon noticing the odor of liquor on the defendant's breath, he had the defendant taken to a police station. Officer Burns further testified about various things he observed about the defendant, of certain tests given to the defendant and the results of those tests. In the officer's opinion, the defendant was under the influence of liquor. He gave the defendant two tickets and took his driver's license. The testimony of the officer was the only evidence offered by the State.

The defendant testified that when the officer stopped his car he was sitting on the passenger side of the automobile. He said that the officer asked his female companion, who was driving, for her driver's license, but that she did not have one. On cross-examination he said that he was not feeling well when he left a restaurant and for that reason he let Miss Schultz drive. When asked by the court why he gave his driver's license to the police officer when his friend was driving, he answered he did so because she did not have a license. After further questions, the court asked the officer if he had a partner and Officer Burns answered in the affirmative.

The record reveals that the following took place after Officer Burns' answer:

> The Court: "All right, let's bring him (the other officer) in. If he [the defendant] is lying, I'm going to give him the limit."

> Mr. Del Campo (defendant's lawyer): "I have a witness."

> The Court: "You can put on your witness. I can imagine what she is going to testify to—go ahead, put her on—she is going to say she was the driver, but I am warning you, counsel, and I am warning the defendant—I'm going to continue this case and bring in the lieutenant who was there at the time."

482

Ann Schultz then took the stand as a witness for the defense and testified that she was employed as a secretary. She said that after they left a restaurant, the defendant said he was not feeling well and asked her to drive, which she did. She further testified that she did stop with the idea of changing drivers, but that she continued to drive. When the officer stopped the car she pulled over to the side. The officer told her she was speeding and asked for her driver's license. When she replied that she had left it at home, the officer gave the defendant a ticket. She stated that she drove to the station where the defendant posted a bond.

The cause was then continued by the court for a month on its own motion for the purpose of bringing in the other officer. When the case was again called for trial, the defendant's counsel moved for a directed verdict. The court denied the motion and found the defendant guilty on the prior evidence.

The defendant maintains that the remarks of the trial court were prejudicial and clearly indicated the court's attitude of disbelief of the defendant and his witness. This the defendant urges is prejudicial error requiring reversal.

 The State contends that a trial judge must have considerable latitude in conducting a trial and only where his conduct or remarks on evidence are °such as would ordinarily create prejudice in the mind of a jury do they constitute reversible error. While we agree with this statement of the law we cannot accept the State's corollary which would have us hold that *anything* a judge says during a bench trial only makes explicit that which would otherwise be implicit in a finding adverse to the defendant and does not prejudice the defendant.

The State refers us to People v. Faginkrantz, 21 Ill 2d 75, 171 NE2d 5. There the trial judge, in a bench trial, indicated during the course of a defense witness's testi-

mony that he did not believe the witness's testimony. In answering the defendant's contention that this was error, the Illinois Supreme Court stated:

> Upon such a trial [a bench trial] a judge's comments only make explicit what would otherwise be implicit in a finding adverse to the defendant. They thus become a matter of taste, in the absence of a showing of prejudice.

People v. Faginkrantz, 21 Ill2d 75, 80, 171 NE2d 5, 8.

The second case cited by the State is People v. Clay, 27 Ill2d 27, 187 NE2d 719. After the finding was delivered in Clay the defendant there entered into a colloquy with the court and stated, "In other words, you don't believe the officer [an important State witness] would lie?" to which the court replied, "No, sir, I don't." The defendant alleged error and the Illinois Supreme Court ruled "This statement by the court merely made explicit what was otherwise implicit in his finding of guilty and does not show prejudice." People v. Clay, 27 Ill2d 27, 33, 187 NE2d 719, 722.

█ Both of the cases cited by the State differ significantly from the case before us. In Clay the alleged prejudicial remarks were made after the trial judge delivered his verdict. Since it is the duty of the trial court to determine credibility when sitting without a jury, it comes as no surprise that at the end of a trial a judge has an opinion about the veracity of one of the witnesses. It can hardly be said at that point that the judge was prejudiced merely because he expressed that opinion.

In Faginkrantz the alleged prejudicial comments came at the conclusion of the State's cross-examination of a defense witness. The trial judge had heard the State's case and the greater portion of the testimony of the defense witness before he made his comment. The Supreme Court rejected defendant's allegation of prejudice stating that

the comment came too close to the conclusion of the cross-examination of the defense witness to affect the testimony of the witness.

 In the case at bar, however, the court's comments came before the judge had heard or had the opportunity to observe the defense witness testify. The remarks clearly informed the defense that the court believed the police officer and would disbelieve anything Miss Schultz would say. It is manifest, therefore, that the improper remarks could only have had a prejudicial effect on the defense witness's testimony. Of more concern, however, is the possibility that the improper comments, coming when they did, reflected a preconceived attitude on the part of the trial judge regarding the defendant's guilt. Since it is fundamental that a Magistrate resolve disputed questions of fact only after hearing all of the evidence with an open mind, we must reverse and remand this cause for a new trial. In view of our holding that those statements of the trial judge made immediately before Miss Schultz testified were prejudicial to the defendant, it is unnecessary for us to pass upon the other contentions of the defendant.

For the reasons set forth in this opinion the conviction and judgment is reversed and is remanded for a new trial.

Reversed and remanded.

ADESKO, P. J. and MURPHY, J., concur.