THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID L. DARNELL, Defendant-Appellant.

Second District   No. 2—88—0879

Opinion filed November 2, 1989.

Mary Robinson, of Robinson & Skelnik, of Elgin, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, David Darnell, was convicted in a bench trial of the offense of harassment by telephone (Ill. Rev. Stat. 1987, ch. 134, par. 16.4—1(2)) and was sentenced to one year's probation, six months' periodic imprisonment, and a fine of $500. Defendant timely filed this appeal. While there are three issues raised before us, we deem it necessary to address only one, and we reverse on that issue alone.

Apparently, there was no court reporter present at defendant's trial; however, a bystander's report was prepared pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)). According to the report, the State called three witnesses. The first witness was Cynthia Fabrizius, defendant's ex-wife with whom he had two children. Fabrizius testified to facts surrounding the numerous, allegedly threatening, telephone calls defendant had made to her. The second witness was Tim Freeman, Fabrizius' boyfriend at the time of the alleged harassment, who testified that he overheard one of defendant's telephone calls to Fabrizius. The State's final witness was an employee of the telephone company who presented records of telephone calls made from defendant's home.

During a break, either immediately after the third witness testified or shortly before cross-examination was concluded, the trial judge

called the attorneys into his chambers and asked what efforts had been made to settle the case. He commented that it appeared from the telephone records presented that "defendant would get home from work and call everyone under the sun, perhaps after having a few beers." The assistant State's Attorney responded that since defendant was unwilling to plead guilty, no serious discussions had been had as to a negotiated disposition. Defense counsel told the judge that the State was asking defendant to plead guilty without regard to the contents of the telephone calls and mentioned that there was an additional misdemeanor charge pending against defendant alleging a violation of a protection order.

The judge then suggested that the case might be disposed of by defendant pleading guilty and being placed on court supervision since he had no prior record. Defense counsel indicated some concern about the pending protection order violation charge. The prosecutor commented that the State felt that defendant was a dangerous person and would strenuously resist court supervision. Nonetheless, defense counsel stated that he would propose the judge's solution to defendant.

After discussing the proposal with defendant, defense counsel returned to chambers and told the judge that defendant elected to proceed with the trial. After the trial was reconvened, the State rested. The defense then moved for a directed finding on both the telephone harassment charge and a charge alleging that defendant violated the order of protection. As to the latter charge, the court granted the motion, finding that the State had failed to prove that defendant had been served with papers or otherwise had knowledge of the protective order. However, the judge denied the motion for a directed finding on the telephone-harassment charge, ruling that the State had made a *prima facie* case.

Defendant then testified on behalf of himself, claiming that he did not threaten Fabrizius or their children. He argued that most of the phone calls were made for the purpose of discussing visitation and similar topics concerning the children and that no phone calls were made for the purpose of harassing Fabrizius.

Following closing arguments, the court found defendant guilty of telephone harassment. After being sentenced, defendant filed a posttrial motion for a new trial and a motion for reconsideration of sentence. Both motions were denied, and this appeal followed.

Defendant argues that by initiating plea discussions before hearing any defense testimony, the trial judge improperly prejudged the defendant's guilt, thereby depriving defendant of due process.

Initially, we observe that this case appears to be one of first impression. We can find no case, and the parties cite none, where the judge interrupts a criminal trial and initiates plea discussions.

The initiation of plea discussions by the trial judge is indisputably improper. (107 Ill. 2d R. 402(d)(1).) While the State does not condone such conduct, it argues that in the case at bar, the error was not so prejudicial as to mandate reversal. The State contends that the trial judge maintained the role of a neutral arbitrator and offers as proof of the judge's impartiality the fact that defendant's motion for a directed finding in the protection-order-violation charge was granted shortly after the plea discussions took place. The State argues that although the trial judge initiated plea discussions in violation of Rule 402, proof of that violation, standing alone, does not authorize a conclusion that defendant's due process rights were violated. The State cites *People v. Norris* (1986), 147 Ill. App. 3d 178, 181, in support of its argument.

We believe that *Norris* is inapplicable to the case presented here. In *Norris*, the petitioner claimed that he was coerced into pleading guilty as a result of court-initiated plea discussions. The appellate court found that such bare assertions did not establish that a plea was entered involuntarily. (*Norris*, 147 Ill. App. 3d at 181.) In the case at bar, the judge interrupted the trial itself to initiate plea negotiations. Although defendant did not accept the plea, and therefore does not claim he was coerced, he argues that the judge's actions indicate that he had prejudged defendant's guilt. We agree. The mere fact that the judge granted defendant's motion for a directed finding in the protection-order-violation charge does not negate the inference that the judge prematurely determined that defendant was guilty of telephone harassment.

■ Supreme Court Rule 402 clearly prohibits the trial judge from initiating plea discussions. The generally accepted rationale for the rule is to avoid the coercion of guilty pleas. (See *People v. Robinson* (1974), 17 Ill. App. 3d 310, 313.) We believe, however, that an additional rationale exists: that is, to assist the trial judge in maintaining his neutral stance. When a judge indicates his opinion of guilt in the middle of the State's case, it reflects adversely on the judge's ability to measure the evidence on the reasonable doubt standard. The pressure of large case loads requires expeditious handling of all matters; nonetheless, we cannot approve the situation where a judge takes such action in violation of a clear statutory mandate and denies a defendant due process of law. *People v. Diaz* (1971), 1 Ill. App. 3d 988, 992-93.

■ Defendant is entitled to a fair trial before an impartial tribunal. The right of the accused in a criminal case to an unbiased trier of fact is fundamental. (*People v. McDaniels* (1986), 144 Ill. App. 3d 459, 462.) No matter how strong a case is presented by the State, it is fundamental that the court should resolve the disputed issues of fact only after hearing all of the evidence with an open mind. (*People v. Johnson* (1972), 4 Ill. App. 3d 539, 541.) Prejudgment before all proofs are in is the very antithesis of a fair trial. *McDaniels*, 144 Ill. App. 3d at 462.

■ The record before us supports an inference that the judge had reached a conclusion of guilt prior to the presentation of all the evidence, and this was made explicit by his interrupting the trial to personally originate guilty plea negotiations. Under the circumstances, we cannot conclude that defendant was given a fair trial.

In keeping with the mandate of *People v. Taylor* (1979), 76 Ill. 2d 289, 309, we have reviewed the evidence and find that, if believed by the trier of fact, it was sufficient to support the conclusion that defendant was guilty beyond a reasonable doubt of harassment by telephone. This finding does not mean that we are making a determination as to defendant's guilt or innocence which would be binding upon retrial; rather, our consideration of the evidence adduced at trial will remove the risk of subjecting defendant to double jeopardy. See *People v. Ferguson* (1988), 172 Ill. App. 3d 1, 12; *People v. Threzzy* (1987), 163 Ill. App. 3d 180, 185.

For the above stated reasons, we reverse defendant's conviction and remand for a new trial before a different judge.

Reversed and remanded.

REINHARD and McLAREN, JJ., concur.