THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD G. WACKER, Defendant-Appellant.

Second District    No. 2—92—0740

Opinion filed February 10, 1994.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate
Defender's Office, of Elgin, for appellant.

Val Gunnarsson, State's Attorney, of Mt. Carroll (William L. Browers,
Lisa Anne Hoffman, Robert J. Biderman, and Richard Norris, all of State's
Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE PECCARELLI delivered the opinion of the court:

Defendant, Richard Wacker, pled guilty to one count of perjury (Ill. Rev. Stat. 1991, ch. 38, par. 32—2 (now 720 ILCS 5/32—2 (West 1992))) in case No. 92—CF—22, one count of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 1401(c) (now codified, as amended, at 720 ILCS 570/401(c) (West 1992))) in case No. 92—CF—31, two counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56$^1$/2, pars. 1401(c), (b)(2) (now codified, as amended, at 720 ILCS 570/401(c), (b)(2) (West 1992))) in case No. 92—CF—32, and three counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56$^1$/2, pars. 1401(b)(2), (a)(2) (now codified, as amended, at 720 ILCS 570/401(b)(2), (a)(2) (West 1992))) in case No. 92—CF—41. Defendant was already serving consecutive one- and four-year prison terms imposed in cases Nos. 91—CF—2 and 91—CF—60. The court accepted defendant's plea of guilty to the several indictments and the counts therein, and sentenced him to three years' imprisonment for perjury, to run consecutively to the terms he was already serving, and one 15-year term, four seven-year terms and one six-year term of imprisonment in the unlawful delivery cases. These latter terms were to run concurrently with each other but consecutively to the three-year perjury sentence. The court also imposed street value fines totalling $2,670. Defendant appeals, contending that (1) the court abused its discretion in ordering the sentences for unlawful delivery to run consecutively to the perjury sentence; (2) the court violated Supreme Court Rule 401(d)(1) (134 Ill. 2d R. 401(d)(1)) by assuming the role of a prosecutor, then considering an improper and irrelevant factor in sentencing by taking into consideration defendant's refusal to identify under oath his suppliers; and (3) that defendant, having never posted bond, is entitled to a $5-per-day credit against his street-value fines for time he spent in custody prior to sentencing.

On February 10, 1992, a grand jury indicted defendant on the charges listed above. At that time, he was already serving his sentences from the 1991 cases. On April 7, 1992, defendant entered non-negotiated pleas of guilty to all of the 1992 charges. The factual bases for the unlawful delivery charges were that defendant sold cocaine in various amounts at various times to undercover drug agents. The factual basis for the perjury charge was that defendant falsely stated under oath at a bond reduction hearing in an unrelated misdemeanor case that he had no other outstanding charges. The court accepted the pleas, entered convictions on the charges and continued the cause to May 4 for sentencing.

At the sentencing hearing, the court considered the original pre-

sentence report prepared for the 1991 cases and an update completed in connection with the instant charges. Defendant's evidence generally showed that his parents both died when he was very young and he was raised by his grandmother. He graduated from the Savanna schools with a 3.375 grade-point average. He had taken various college courses and was 10 credits short of his associate's degree. Defendant stated that he was addicted to cocaine and began selling it only to support his own habit. He had recently gone through a difficult divorce which resulted in part from his drug usage. He had a seven-year-old son from the marriage. Defendant argued that his grandmother was dependent on him and that he looked forward to seeing his son grow up.

In its remarks prior to sentencing, the court noted that defendant had continually sold drugs in progressive quantities. The court stated:

> "It's been emphasized how smart you are. Anybody who is smart would not continually sell. I think in these cases we have got *** six counts of delivery. The last count is a Class X Felony. I would like to know for the people of this community where this is coming from, and you do know where it is coming from, but in your voluntary statement you have not offered any assistance to this community. I don't hold that against you. That would be a positive and not a negative. If people really care and if people really feel sorry that they have been hooked, that they are an addict, and they want to do something about it, they would assist at this point in their lives drying this stuff up. *** If you cared about your son being exposed to this stuff, and maybe you can afford to harm your son, and I don't like to have a negative impact here, but that would impact quite a bit positively."

The court proceeded to impose the sentences described previously.

On May 22, 1992, defendant filed a motion to reconsider the sentences in the unlawful delivery cases only. The motion was captioned with the numbers of those cases but did not address the perjury charge. Defense counsel raised several issues in the motion, but argued primarily that the 15-year sentence was an abuse of discretion considering the mitigating evidence presented and that the sentence compared unfavorably with sentences imposed on drug dealers in nearby Whiteside County and elsewhere. Concerning defendant's failure to cooperate in naming his sources, defense counsel stated that defendant had been "confused and scared and intimidated" when the court raised the issue at the sentencing hearing. He stated that defendant now was willing to meet with the court *in camera* to disclose the names of his cocaine suppliers. The State objected to an

*in camera* proceeding, and the court stated that any hearing would have to be on the record.

At the conclusion of his argument, defense counsel again moved for leave to have defendant make an unsworn statement concerning his cocaine suppliers. The court stated that any statement would have to be made under oath in open court. After conferring with his attorney, defendant stated:

> "There's bankers. They said Gunnarsson (the State's Attorney) is friends *[sic]* of theirs and I ain't going to say nothing. *** Well, Your Honor, people in the City of Savanna have told me that some of these people involved with this are involved with Mr. Gunnarsson as far as they went to school with him and they can't be touched. Some of these people were in the State Correctional Center already. I am not going to put my head on the chopping block because there is nothing you people can do to help me in there."

The judge replied that he understood defendant's fear and stated, "I do not hold it against you in anything I am deciding today." The court denied the motion to reconsider, and defendant filed a timely notice of appeal.

Defendant's first contention on appeal is that the court abused its discretion by making the unlawful delivery sentences consecutive to the sentence for perjury. Defendant contends that the court failed to make the requisite finding that consecutive sentences were necessary to protect the public. The State responds that defendant has waived this issue by failing to request specific findings of fact before the trial court and by failing to raise this issue in his motion to reconsider sentence. Alternatively, the State contends that the basis for the sentence adequately appears in the record.

Section 5—8—4(b) of the Unified Code of Corrections provides as follows:

> "The court shall not impose a consecutive sentence *** unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b) (now 730 ILCS 5/5—8—4(b) (West 1992)).

The supreme court in *People v. Hicks* (1984), 101 Ill. 2d 366, held that section 5—8—4(b)'s requirement of specific factual findings is permissive rather than mandatory and is subject to waiver. (*Hicks,* 101 Ill. 2d at 374.) The court held that the trial court is not required to recite the language of the statute in determining that consecutive sentences are warranted. Rather, the record must show only " 'that

the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public.' " *Hicks*, 101 Ill. 2d at 375, quoting *People v. Pittman* (1982), 93 Ill. 2d 169, 178.

It thus appears that the failure to request specific findings of fact waives only that issue, but does not waive the requirement that the record as a whole demonstrate the court's belief that consecutive sentences are necessary for the protection of the public. See *People v. Jones* (1992), 232 Ill. App. 3d 1083, 1088.

■ In this case, defendant does not dispute that he failed to request specific findings of fact. He argues, however, that the record as a whole fails to demonstrate that the court believed consecutive sentences were necessary to protect the public. Defendant also failed to raise this issue in his motion to reconsider the sentences. Thus, we could consider this question, too, waived. However, since the improper imposition of consecutive sentences might violate defendant's fundamental rights, we will consider the issue to the extent of determining whether plain error exists. 134 Ill. 2d R. 651.

The record as a whole demonstrates the trial court's belief that consecutive sentences were required. Defendant was convicted of seven separate counts of unlawful delivery, as well as other offenses, within a short time span. The court repeatedly expressed its concern that defendant had continued to sell drugs in ever-increasing amounts and that defendant had not taken concrete steps to address his addiction. The court also stated its concern for the effects of drug distribution on the citizens of Carroll County. Although the court never recited the exact language of the statute, this was not required. The record adequately demonstrates the court's belief that consecutive sentences were necessary to protect the public.

Defendant next contends that the court erred by assuming the role of a prosecutor by requiring him to identify his sources, and subsequently holding defendant's refusal to cooperate against him. The State again responds that defendant has waived consideration of this issue by failing to address the question in his motion to reconsider the sentences. The State further responds that the court's consideration of this factor was proper.

■ Defendant did not raise this specific issue in his motion to reconsider. Although he contended that he had been "confused" when the court initially asked him about his suppliers and offered to discuss the issue with the court *in camera*, defendant did not contend that the court's actions were improper or that defendant's failure to cooperate was an irrelevant factor in aggravation. Thus, the contention is waived. However, since the issue could affect substantial rights, we will consider whether plain error occurred.

Supreme Court Rule 402(d)(1) provides that the trial judge shall not initiate plea discussions. (134 Ill. 2d R. 402(d)(1).) Defendant contends that the court violated this rule by attempting to offer him a deal whereby defendant would reveal his sources in exchange for sentencing considerations. The flaw in this argument is that defendant had already entered a blind plea of guilty. Thus, the court could not offer defendant leniency in exchange for a guilty plea. Rather, the court was attempting to fulfill its proper function of an appropriate sentence.

The trial court is authorized to search everywhere within reasonable bounds for facts which tend to aggravate or mitigate the offense. In this regard, it is proper for the trial court to inquire of defendant at sentencing, regardless of whether defendant had made a statement in allocution. (*People v. Iseminger* (1990), 202 Ill. App. 3d 581, 599.) Questioning defendant concerning the source of his drugs is an appropriate inquiry for the trial court to make at this stage. (*Iseminger*, 202 Ill. App. 3d at 600; *People v. Jones* (1986), 142 Ill. App. 3d 51.) A defendant's willingness to reveal his drug suppliers' identities is a strong positive factor in assessing his rehabilitative potential. (*Iseminger*, 202 Ill. App. 3d at 601, citing *Roberts v. United States* (1980), 445 U.S. 552, 63 L. Ed. 2d 622, 100 S. Ct. 1358.) We therefore find nothing improper in the court's questioning defendant about the sources of his cocaine.

Defendant's citation of *People v. Darnell* (1989), 190 Ill. App. 3d 587, is unavailing. In that case, the trial judge interrupted the trial to initiate plea negotiations. The basis for reversing defendant's conviction was that the court's recommendation that defendant plead guilty indicated that the court had prejudged defendant's guilt. (*Darnell*, 190 Ill. App. 3d at 590.) In this case, defendant had already pled guilty when the court inquired about his suppliers. Defendant's guilt had already been established, and the court could not begin negotiations for something which had already occurred.

The court said concerning defendant's refusal to cooperate, "I don't hold that against you. That should be a positive factor and not a negative." *Iseminger* and *Jones* teach that a drug defendant's willingness to reveal his source is a highly relevant factor in determining an appropriate sentence. Moreover, the trial court repeatedly told defendant that it would not "hold it against him" if he did not identify his cocaine suppliers. The court stated that it would consider defendant's cooperation as a positive factor only.

Defendant stated that he did not want to speak on the record about his suppliers for fear of reprisals. The court apparently sympathized with defendant's dilemma and reiterated that it would not hold his lack of cooperation against him.

Although there may not be a principled distinction between "enhancing" a defendant's punishment and denying him "leniency" (*Roberts*, 445 U.S. at 557 n.4, 63 L. Ed. 2d at 628 n. 4, 100 S. Ct. at 1362 n.4), it would not have been erroneous for the court to take his lack of cooperation into consideration. Therefore, no plain error occurred.

Defendant's final contention is that he is entitled to a credit of $275 against each of his street-value fines for the 55 days he spent in custody between March 10, when an arrest warrant was served, and May 4, when he was sentenced. He contends that a defendant who is in custody on a bailable offense is entitled to such a credit. (See Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)).) The State responds that defendant was not in custody on a "bailable offense" since he was simultaneously in custody on the unrelated 1991 cases.

The State cites no authority for its contention that the offenses in question were not "bailable" within the meaning of the statute. The record shows that bail was in fact set on the charges and that defendant did not post bail. The Code of Criminal Procedure defines "bailable offenses." The relevant section provides:

"All persons shall be bailable before conviction, except the following offenses where the proof is evident or the presumption great that the defendant is guilty of the offense: capital offenses; offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction; or felony offenses for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, where the court after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person or persons." Ill. Rev. Stat. 1991, ch. 38, par. 110—4(a) (now codified, as amended, at 725 ILCS 5/110—4(a) (West 1992)).

It is clear that the offenses to which defendant pled guilty are "bailable" within the meaning of the statute, as demonstrated by the fact that bail was actually set. Giving the language of the statute its plain and ordinary meaning, then, leads to the conclusion that defendant is entitled to the credit he claims. In a somewhat analogous situation, this court reached the same result. In *People v. Nicholson* (1991), 213 Ill. App. 3d 765, 768, this court held that a defendant who was in custody before trial was entitled to credit toward his sentence, even though he was simultaneously in custody on an unrelated charge. Although two different statutory provisions are involved, the situations are sufficiently analogous that the result reached in *Nichol-*

*son* should govern this case as well. Therefore, defendant is entitled to a credit of up to $275 toward each of his street-value fines, and the judgment is modified to reflect this credit.

Although defendant claims he is entitled to $275 credit toward each of his fines, he cites no authority for this proposition. Rather, where a defendant is convicted of multiple offenses, he is entitled to only one credit. *People v. Dale* (1985), 137 Ill. App. 3d 101, 107, *aff'd on other grounds* (1986), 112 Ill. 2d 460.

For the foregoing reasons, defendant's convictions and sentences are affirmed as modified.

Affirmed as modified.

WOODWARD and QUETSCH, JJ., concur.