**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170645-U

Order filed August 13, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0645 Circuit No. 16-CF-550 |
| STEPHEN J. HENLEY, | ) ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The defendant did not show a clear or obvious error as required to prevail under the plain error doctrine.

¶ 2       The defendant, Stephen J. Henley, appeals his convictions for aggravated domestic battery and domestic battery. The defendant argues that the Kankakee County circuit court prejudged his guilt prior to the conclusion of evidence and we should review his forfeited claim under the plain error doctrine.

¶ 3                              I. BACKGROUND

¶ 4         The State charged the defendant by information with aggravated domestic battery (720

ILCS 5/12-3.3(a-5) (West 2016)) and domestic battery (*id.* § 12-3.2(a)(1)), alleging the

defendant knowingly and without legal justification strangled Keyanna Pope, the mother of his

minor children, and struck her in the face with his fist.

¶ 5         During a bench trial, Pope testified to an altercation where the defendant punched her in

the face and stood over her, grabbing her by the throat and squeezing. Multiple witnesses

corroborated Pope's testimony, including two of the defendant's minor children and two officers

who broke up the altercation. After the State finished its case-in-chief, the circuit court asked the

defendant whether he would testify on his own behalf:

          "[THE COURT]: So it's your own personal decision. Do you wish to testify

     or not?

          THE DEFENDANT: I will not.

          THE COURT: Okay.

          [DEFENSE COUNSEL]: Judge actually first I would like to call Miss

     Pope as one of my witnesses briefly. I've got a couple of questions to follow

     up on some information—

          THE COURT: Okay. Okay.

          [DEFENSE COUNSEL]: —that came out from the State's witnesses.

          THE COURT: Okay. We're going to finish this case today, though.

          [DEFENSE COUNSEL]: We—we will. I only have—

          THE COURT: Okay. We're going to finish.

          [DEFENSE COUNSEL]: I have very few questions.

THE COURT: Well, that's fine. Are [the defendant's children] okay sitting there then?

[POPE]: Yeah, they're fine.

THE COURT: All right. He wishes to call [Pope] as his witness. Okay. So we are on the Defense's case now."

¶ 6     After the defendant's case-in-chief, defense counsel asked whether the defendant's minor children should remain in the courtroom when the court rendered its verdict:

"THE COURT: All right. You may step down. Thank you. All right. I'll hear closing arguments 'cause I'm going to be ready to decide it.

[DEFENSE COUNSEL]: Should we have the children in here for the verdict? I don't know if—

THE COURT: I don't—no.

[DEFENSE COUNSEL]: —that's appropriate.

THE COURT: I'm not going to do that.

[DEFENSE COUNSEL]: Okay.

THE COURT: I—I'm going to do that. I—I just didn't know if they wanted to hear argument. When I make—when I render my decision, I'm going to ask that the children be removed.

[DEFENSE COUNSEL]: Okay. I just wanted to double check.

THE COURT: No, I—I absolutely will do that. I was going to do that anyway. *** I don't know if—

[THE STATE]: One second.

3

THE COURT: Okay.

[DEFENSE COUNSEL]: And for the record I'm not staying.

THE COURT: I don't know that—I'm going to—as soon as I hear closing arguments, I'm ready to render my verdict.

[THE STATE]: Sure.

THE COURT: And I don't think probably the children should be in here.

[THE STATE]: Okay.

THE COURT: Okay. I don't know if [Pope] wants to stay, but I'm going to ask that the children be removed. Okay?

[THE STATE]: Okay. Judge I—I would like to call her just for a couple of questions for rebuttal.

THE COURT: Okay.

[THE STATE]: I know. I—

THE COURT: That's fine. That's fine.

[THE STATE]: Just very briefly.

THE COURT: All right. But I'm going to— 'cause I'm going to—

[THE STATE]: Yes. It's going to be very brief.

THE COURT: We're going to go right to closing. I'm going to give you my verdict and so I don't want them in here.

[THE STATE]: All right. Just very brief."

¶ 7    After the State finished its rebuttal, the court said, "I'll hear closing arguments and I'm going to give you my decision." The parties presented their closing arguments and the court

4

found the defendant guilty of aggravated domestic battery and domestic battery. The court said this was "a case of credibility" between the defendant and Pope, and that Pope's testimony was credible because several witnesses corroborated her account of the altercation. The court did not find the defendant's testimony credible.

¶ 8 After delivering its judgment, the court stated that "[a]t minimum [the defendant] has to do jail time. I'm not leaving him out. He's going into custody. That's why I removed the two children." In response to defense counsel's protests, the court reiterated "I'm not leaving him out" and "[t]here's nothing that's going to persuade me to leave him out." The court sentenced the defendant to 60 days' imprisonment, 4 years of probation. The defendant filed a notice of appeal.

¶ 9                                          II. ANALYSIS

¶ 10 The defendant argues the circuit court violated his right to a fair trial by prejudging his guilt prior to the close of evidence. The defendant acknowledges that he forfeited this error claim, as he neither raised it at trial nor included it in a posttrial motion. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, he asks for plain error review and argues the alleged error is subject to reversal under the second prong of the plain error doctrine.

¶ 11 The first step in a plain error analysis is to determine whether a "plain error" occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). "The word 'plain' here is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2. If the reviewing court determines that the circuit court committed a clear or obvious (or "plain") error, it proceeds to the second step in the analysis: determining whether the error is reversible. A plain error is reversible only when (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the error is "so serious

that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Id.* at 565. The defendant bears the burden of establishing that the plain error test has been satisfied. *Hillier*, 237 Ill. 2d at 545.

¶ 12     The right to an unbiased, open-minded trier of fact is fundamental and rooted in the constitutional guaranty of due process of law. *People v. McDaniels*, 144 Ill. App. 3d 459, 462 (1986). "A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice." *People v. Faria*, 402 Ill. App. 3d 475, 482 (2010). To show judicial bias or prejudice, "the record must show that there was active personal animosity, hostility, ill will or distrust toward the defendant and, absent such a showing, a court will not conclude that there was actual prejudice which prevented or interfered with a fair hearing." *People v. Johnson*, 199 Ill. App. 3d 798, 806 (1990). "No matter how strong a case is presented by the State, it is fundamental that the court should resolve the disputed issues of fact only after hearing all of the evidence with an open mind." *People v. Darnell*, 190 Ill. App. 3d 587, 591 (1989). "Allegations of judicial bias or prejudice must be viewed in context and should be evaluated in terms of the trial judge's specific reaction to the events taking place." *Faria*, 402 Ill. App. 3d. at 482.

¶ 13     The defendant argues the circuit court's comments indicate it prejudged the defendant's guilt before the close of evidence. In support of this contention, the defendant cites *People v. Johnson*, 4 Ill. App. 3d 539 (1972), *People v. McDaniels*, 144 Ill. App. 3d 459 (1986), and *People v. Ojeda*, 110 Ill. App. 2d 480 (1969). However, these cases are distinguishable from the present case as each circuit court in those cases clearly indicated it did not find each defendant's argument credible before the defendant presented his evidence.

¶ 14    In *Johnson*, the central issue was whether the defendant fired a shotgun at police officers. *Johnson*, 4 Ill. App. 3d at 540. During the direct examination of the defense's second witness, the circuit court asked, "Was that before or after the shotgun was fired?" *Id.* at 541. Additionally, prior to the close of evidence, the circuit court stated, "There will be a finding of guilty." *Id.* at 540. Based on this record, the *Johnson* court reversed the defendant's conviction and remanded for a new trial, holding the circuit court "assumed that the shotgun had, in fact, been fired and that the defendant was guilty of the offense" before hearing all the evidence. *Id.* at 541. The *Johnson* court further held that "after hearing the testimony of the police officer, the trial judge concluded that the defendant was guilty and that further evidence would serve no purpose." *Id*.

¶ 15    In *McDaniels*, during cross-examination of the State's first witness, the circuit court said, "Seems to be pretty ridiculous to claim self-defense. You might do that before a jury, but this is a bench trial." *McDaniels*, 144 Ill. App. 3d at 462. This remark occurred before the defendant presented any self-defense evidence. *Id.* The *McDaniels* court reversed the defendant's conviction and remanded for a new trial, holding the record make it "plainly apparent that the trial court, as the trier of fact, had prejudged the validity of the defendant's defense prior to hearing the totality of the evidence." *Id.*

¶ 16    In *Ojeda*, the circuit court told defense counsel "I can imagine what [the defense witness] is going to testify to *** but I am warning you, counsel, and I am warning the defendant—I'm going to continue this case and bring in the lieutenant who was there at the time." *Ojeda*, 110 Ill. App. 2d at 482. The court gave this warning before hearing the defense witness's testimony. *Id.* at 485. The *Ojeda* court reversed the defendant's conviction and remanded for a new trial, holding the circuit court's comments "clearly informed the defense that the court believed the police officer and would disbelieve anything [the defense witness] would say." *Id.*

¶ 17    Here, the record does not show that the circuit court made a comparable statement challenging either the defendant's argument or the defendant's witnesses prior to the close of evidence. The defendant highlights the court's alleged impatience toward both the State and defense counsel, the court's statements that it would be ready to render its verdict after closing arguments, and the court's desire to remove the defendant's minor children from the courtroom when the verdict was announced as evidence of the court's prejudice. However, the court's comments do not demonstrate the animosity, hostility, ill will, or distrust towards the defendant necessary to show judicial bias or prejudice. The court's alleged impatience was not error, as the court neither interrupted the defendant as he presented evidence nor denied the defendant the right to make a closing argument. See, *e.g.*, *People v. Stevens*, 338 Ill. App. 3d 806, 810 (2003). The court's comments that it would be ready to render the verdict after closing arguments simply conformed with the order of proceedings. They did not indicate the court failed to hear all the evidence presented with an open mind. Finally, the court removed the defendant's minor children from the courtroom out of an abundance of caution and consideration for propriety, as demonstrated by defense counsel's assertion that he did not know if it would be appropriate for the children to remain in the courtroom for the verdict.

¶ 18    The defendant has failed to show that the circuit court committed a clear or obvious error, and thus we do not reach the second step of our plain error analysis.

¶ 19                                III. CONCLUSION

¶ 20    The judgment of the circuit court of Kankakee County is affirmed.

¶ 21    Affirmed.